624-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ALLIED MARITIME INC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ALLIED MARITIME INC,

                                    Plaintiff,

            -against-                                          **08 CV**

WEAVER INVESTMENT INC, BLUE COAST
NAVIGATION, SELENE SHIPMANAGEMENT SA,
AUSTER MARINE CO., VLADIMIR TARASOV, and
SERGEY BARANSKY a/k/a SERGEY BARANSKIY          **<u>VERIFIED COMPLAINT</u>**

                                    Defendants.

------------------------------------------------------------x

        Plaintiff, ALLIED MARITIME INC, ("ALLIED MARITIME") by its attorneys

Freehill, Hogan and Mahar, LLP., as and for its Verified Complaint against Defendants

WEAVER INVESTMENT INC. (WEAVER INVESTMENT), BLUE COAST

NAVIGATION (BLUE COAST), SELENE SHIPMANAGEMENT SA (SELENE),

AUSTER MARINE CO. (AUSTER MARINE), and VLADIMIR TARASOV

(TARASOV), and SERGEY BARANSKY a/k/a SERGEY BARANSKIY

(BARANSKY) alleges as follows:

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a

maritime contract.  This case also falls under this Court's admiralty and maritime

jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff ALLIED MARITIME was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 3, G.Drossini St, Voula, Athens 166 73.

3. At all times relevant hereto, Defendant WEAVER INVESTMENT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1, Chemomorskaya Str., Odessa, 65014, Ukraine.

4. At all times relevant hereto, Defendant BLUE COAST was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1, Chemomorskaya Str., Odessa, 65014, Ukraine.

5. At all times relevant hereto, Defendant SELENE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1, Chemomorskaya Str., Odessa, 65014, Ukraine.

6. At all times relevant hereto, Defendant AUSTER MARINE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 1, Chemomorskaya Str., Odessa, 65014, Ukraine

7. At all times relevant hereto, Defendant TARASOV was and still is a natural person and foreign citizen and upon information and belief operated and controlled Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and AUSTER MARINE.

8.     At all times relevant hereto, Defendant BARANSKI was and still is a natural person and foreign citizen and upon information and belief operated and controlled Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and AUSTER MARINE. Upon information and belief, Defendant BARANSKI uses the names SERGEY BARANSKY, SERGEY BARANSKIY, and other alternative names.

9.     On or about May 19, 2008, Plaintiff ALLIED MARITIME entered into a maritime contract of charter party on an amended NYPE form with non-party INDUSTRIAL CARRIERS INC as charterer for a period of minimum 34 maximum 37 months.

10.     Pursuant to its charter with Plaintiff ALLIED MARITIME, non-party INDUSTRIAL CARRIERS INC was obligated to pay hire at a rate of $115,000 per day pro rata payable every 15 days in advance.

11.     Plaintiff ALLIED MARITIME duly delivered the M/V CAPE HERON into the service of non-party INDUSTRIAL CARRIERS INC on or about October 15, 2008 and duly performed all its obligations under the charter.

12.     Under the charter party, bunkers on board at the time of delivery were to be purchased by the charterer in the first hire payment. Bunkers on board at the time of redelivery were to be purchased by the owner.

13.     In breach of the charter party, non-party INDUSTRIAL CARRIERS INC failed to pay the hire due to Plaintiff ALLIED MARITIME.

14.     After serving non-party INDUSTRIAL CARRIERS INC with an anti-technicality notice, Plaintiff ALLIED MARITIME accepted non-party INDUSTRIAL

CARRIERS INC's conduct as repudiatory on October 23, 2008 thus bringing the charter to an end.

15.     At the time of acceptance of non-party INDUSTRIAL CARRIERS INC's conduct as repudiatory, 1034 days remained until the earliest date for redelivery under the charter.

16.     The total amount due Plaintiff ALLIED MARITIME under the charter was $118,910,000.00

17.     Plaintiff ALLIED MARITIME is attempting to find alternative employment for the vessel but at present, as a result of the collapse of the world freight market, no substitute charter has been found.

18.     The charter party provides for all disputes between the parties to be resolved by arbitration in London with English law to apply.

19.     Plaintiff has commenced or soon will commence arbitration proceedings against non-party INDUSTRIAL CARRIERS INC in London, seeking recovery of the sum set forth above, together with all further losses incurred.

20.     This action is brought to obtain jurisdiction over Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, AUSTER MARINE, TARASOV and BARANSKY, to obtain security in favor of Plaintiff in respect of its claims against Defendants and in aid of the London proceedings.

21.     This action is further brought to obtain security for additional sums to cover Plaintiff's anticipated attorney fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's main claim under English law.

22.     Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

23.     Plaintiff estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $250,000.00. Interest anticipated to be awarded on the principal sums now due to Plaintiff is estimated to be $20,412,016.99 (calculated at the rate of 8% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

24.     In summary, the items of damages for which Plaintiff brings this action seeking security are as follows:

1)  Unpaid principal in the amount of $118,910,000.00

2)  Interest on the above sum in the amount of $20,412,016.99

3)  Arbitration Costs in the amount of $250,000.00

4)  Totals of above amounts **$139,572,016.99**

25.     Upon information and belief, non-party INDUSTRIAL CARRIERS INC at all time relevant located at 1, Chemomorskaya Str., Odessa, 65014, Ukraine, was controlled and dominated by, and its corporate form or forms was disregarded by Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, AUSTER MARINE, TARASOV and BARANSKY.

26.     At all times relevant Defendants BARANSKY and TARASOV owned completely and/or owned controlling interest in and/or were controlling directors of and/or were controlling officers and/or were agents of non-party INDUSTRIAL

CARRIERS INC, Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and AUSTER MARINE.

27.    Upon information and belief, non-party INDUSTRIAL CARRIERS INC is the alter ego of Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE because it dominates and disregards the corporate forms of Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE to the extent it is actually carrying on the business and operations of the Defendants as if the same was its own or vice versa.

28.    Upon information and belief, Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE are shell corporations through which non-party INDUSTRIAL CARRIERS INC conducts its business or vice versa.

29.    Upon information and belief, Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE are shell corporations through which Defendants BARANSKY and TARASOV conducts their business or vice versa.

30.    Upon information and belief, Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE have no separate and independent identity from non-party INDUSTRIAL CARRIERS INC.

31.    Upon information and belief, Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE have no separate and independent identity from Defendants BARANSKY and TARASOV.

32.    Upon information and belief, Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE are used by non-party INDUSTRIAL CARRIERS INC as pass through entities in an attempt to insulate itself from creditors relating to its commercial obligations and in particular, its vessel charters, or vice versa.

33.    Upon information and belief, Defendants WEAVER INVESTMENT and/or BLUE COAST are used by Defendants BARANSKY and TARASOV in an attempt to insulate themselves from creditors relating to their commercial obligations and in particular charters engaged in by themselves and/or their alter ego corporations or vice versa.

34.    In the alternative, non-party INDUSTRIAL CARRIERS INC utilizes Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE as paying or receiving agents or pass through entities in an attempt to insulate itself from creditors relating to its commercial obligations and in particular, the chartering of the M/V CAPE HERON.

35.    It is not the general practice in the maritime community, nor any other business, for independent companies to make or receive large payments on behalf of other "independent" companies.

36.    Payments sent or received on behalf of another "independent" company are suggestive of a relationship that is not arms length.

37.    Upon information and belief, Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE made and/or received payments on behalf of non-party INDUSTRIAL CARRIERS INC with respect to the

charter of vessels when they had no contractual obligation to do so, but rather the obligation was owed to or by non-party INDUSTRIAL CARRIERS INC.

38.     Upon information and belief, Defendants BARANSKY and/or TARASOV disregarded the corporate forms and identities of non-party INDUSTRIAL CARRIERS INC, Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and/or AUSTER MARINE and transferred funds between Defendant BARANSKY and/or Defendant TARASOV and/or non-party INDUSTRIAL CARRIERS and/or Defendants WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE without regard to any corporate structure and/or formality and/or accounting practice.

39.     Correspondence between the parties and others referred to the payment beneficiaries for non-party INDUSTRIAL CARRIERS INC as WEAVER INVESTMENT and/or BLUE COAST and/or SELENE, and/or AUSTER MARINE, or vice versa.

40.     Based on the foregoing, as well as other activities, non-party INDUSTRIAL CARRIERS INC and Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and AUSTER MARINE, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of Defendants susceptible to attachment and/or restraint for the debts of non-party INDUSTRIAL CARRIERS INC.

41.     Based on the foregoing, as well as other activities, non-party INDUSTRIAL CARRIERS INC and Defendants BARANSKY and TARASOV should be considered as a single economic unit with no formal distinction between or among them, rendering Defendants BARANSKY and TARASOV each personally liable for the

debts of the non-party INDUSTRIAL CARRIERS INC and Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and AUSTER MARINE and all assets of Defendants susceptible to attachment and/or restraint for the debts of non-party INDUSTRIAL CARRIERS INC.

42.    By virtue of the foregoing, Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, AUSTER MARINE, BARANSKY, and TARASOV are properly considered parties to the subject charter party as the trade names, aliases, alter egos, paying agents, corporate agents, officers, directors, controlling shareholders, owners, partners, and/or prime movers and controllers of non-party INDUSTRIAL CARRIERS INC.

43.    In the further alternative, Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, AUSTER MARINE, BARANSKY, and TARASOV are partners and/or joint venturers with non-party INDUSTRIAL CARRIERS INC.

44.    In the further alternative, Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and AUSTER MARINE are affiliated companies such that one Defendant is now or will soon be, holding assets belonging to the other and/or non-party INDUSTRIAL CARRIERS INC.

45.    In the further alternative, Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, and AUSTER MARINE are paying agents of non-party INDUSTRIAL CARRIERS INC, or vice versa.

46.    In all, the claim for which Plaintiff ALLIED MARITIME sues in this action, as near as presently may be estimated, totals **$139,572,016.99**, no part of which has been paid by Defendants WEAVER INVESTMENT, BLUE COAST, SELENE,

AUSTER MARINE, BARANSKY and TARASOV, despite due demand.   Plaintiff
ALLIED MARITIME specifically reserves its right to amend this figure and to seek an
increase in the amount of security should such sum appear to be insufficient to fully
secure ALLIED MARITIME.

### Request for Rule B Relief

47.   Upon information and belief, and after investigation, the Defendants
cannot be "found" within this District for the purpose of Rule B of the Supplemental
Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that
Defendants has, or will shortly have, assets within this District comprising, *inter alia*,
cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers,
accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire or
any other assets of, belonging to, due or being transferred for the benefit of the said
Defendants WEAVER INVESTMENT, BLUE COAST, SELENE, AUSTER MARINE,
BARANSKY, and TARASOV (collectively hereinafter, "ASSETS"), including but not
limited to ASSETS as may be held, received or transferred in its name or for its benefit,
at, moving through, or being transferred and/or wired to or from banking institutions or
such other garnishees who may be served with a copy of the Process of Maritime
Attachment and Garnishment issued herein.

48.   The total amount to be attached pursuant to the calculations set forth
above is **$139,572,016.99**.

WHEREFORE, Plaintiff prays:

a.     That process in due form of law according to the practice of this Court
           may issue against Defendants citing them to appear and answer the

foregoing;

b.    That if Defendants cannot be found within this District pursuant to Supplemental Rule B all tangible or intangible property of Defendants up to and including the sum of **$139,572,016.99** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due, held or being transferred to or for the benefit of Defendants, at, moving through or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order compelling the Defendants to arbitrate and/or the recognition and enforcement of any award or judgment entered against the Defendants in the London arbitration proceedings; and

d.    For such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       November 20, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ALLIED MARITIME INC

By:

Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

NYDOCS1/317051.2

**ATTORNEY VERIFICATION**

State of New York   )
                      ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
20th day of November, 2008.

_____
Notary Public

NYDOCS1/317051.2

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/16